UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MCBRIEN,<br><br>        Petitioner,<br><br>  v.<br><br>Warden,<br><br>        Respondent. | 1:10-cv-00742 LJO MJS HC<br><br>FINDINGS AND RECOMMENDATION TO SUMMARILY DENY PETITION FOR WRIT OF HABEAS CORPUS AS FRIVOLOUS<br><br>(Doc. 1) |

Petitioner alleges that she is in the custody of the United States and she here seeks to proceed pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.    PROCEDURAL HISTORY**

Petitioner filed the instant federal petition on April 27, 2010. (Pet., ECF No. 1.) According to the petition, Petitioner is challenging a "lethal finding" issued against Petitioner; she claims that the "lethal finding" occurred without notification, a hearing, or the ability to examine the record. (Id., p. 1) It does not appear from the petition that Petitioner is currently incarcerated or otherwise held in custody by a state or federal government.(Id.)

Petitioner's "claims," to the extent that they can be so characterized, are vague, unclear, and, though possibly real to her, patently incredible.

Ground one alleges the following:

> 42 U.S.C. § 1983 civil rights violations with brain implant without knowledge or consent for restriction on liberty. I do not know who or which doctor implanted a brain device for monitoring of me by FBI, DHS, police, sheriffs and others, my neurologist Martha Morrell invented a patent for a brain device. Law enforcement surveillance stimulate it to cause brain death due to ADEPA act with false allegations. (Pet., p. 3.)

Ground two alleges as follows:

> False Allegations. Adversarial relatives, law enforcement, private security contractor such as Securitas, made serious false allegations, implicating me as a terrorist and enemy combatant, which I have never been. Also, they implicated that I had a bomb in my cases of legal documents, as part of a hoax. (Id.)

As discussed, the Court determines that Petitioner's claims are patently incredible and, thus, that this petition should be summarily denied on the merits.

## II.   DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition…that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977)). Under § 2243, it is the duty of the Court to screen out frivolous applications and to eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970); see Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

Habeas corpus petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 856, 114 S. Ct. 2568, 129 L. Ed. 2d 666 (1994); Hendricks, 908 F.2d at 491. The Petitioner must set forth in summary from the facts supporting each of the grounds specified and shall state the relief requested. Rule 4 of the Rules Governing Section 2254

1  Cases. As mentioned above, a petition may be dismissed if the factual allegations are so
2  palpably incredible or so patently frivolous or false as to warrant summary dismissal.
3  Blackledge, 431 U.S. at 78. A claim is legally frivolous when it lacks an arguable basis either
4  in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338
5  (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.
7  Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however,
8  inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d
9  639, 640 (9th Cir. 1989).

10    Petitioner claims that the United States and other actors have implanted a device in her
11  brain, and that some manner of "lethal finding" has been made against her. Petitioner has
12  produced nothing to indicate that the United States has taken any action against her or that
13  she has been the subject of an investigation or convicted of a crime. The facts alleged in the
14  petition appear to arise from fantasy and delusion. The petition is frivolous and must be
15  dismissed. Neitzke, 490 U.S. at 327-28.

16    Moreover, Petitioner is not incarcerated, subject to probation or parole, or otherwise
17  subject to significant restraint on her freedom. She can not be said to be in custody under 28
18  U.S.C. § 2241(c)(3). See, e.g., Lehman v. Lycoming Cnty. Children's Servs. Agency, 458 U.S.
19  502, 508-510 (1982), and thus she is not entitled to habeas corpus relief.

20  **III.    RECOMMENDATION**

21    Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be
22  DISMISSED as frivolous. The Court further RECOMMENDS that all motions accompanying
23  the petition be DISMISSED as moot.

24    This Findings and Recommendation is submitted to the assigned United States District
25  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the
26  Local Rules of Practice for the United States District Court, Eastern District of California.
27  Within thirty (30) days after the date of service of this Findings and Recommendation, any
28  party may file written objections with the Court and serve a copy on all parties. Such a


document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 7, 2010            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE