UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN McBRIEN,<br><br>    Petitioner,<br><br>    vs.<br><br>ON HABEAS CORPUS,<br><br>    Respondent.<br>_____/ | 1:10-cv-00742-LJO MJS  (HC)<br><br>ORDER DENYING APPLICATION FOR STAY OF EXECUTION<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 29) |

On February 17, 2011, this Court adopted Findings and Recommendation of the Magistrate Judge and dismissed Petitioner's Petition for Writ of Habeas Corpus as patently frivolous. Petitioner made no actual showing of adverse action taken against her by the United States or the State of California.

Nevertheless, Petitioner has now filed an "Application for Stay of Execution."

Petitioner alleges that she is in state custody after being convicted and sentenced in San Francisco, San Mateo, Fresno, Sacramento, Los Angeles, San Diego, and Alameda County Superior Courts. Petitioner further alleges that the California Supreme Court, FBI Homeland Security, California Attorney General, Department of Justice, Naval Criminal Investigative Service, Sheriff, Police , Army and Navy have affirmed the death sentence in her case. While Petitioner states she is in custody of the state, her return address appears to be a residence in Austin, Texas.

1    Petitioner's claim that she has been sentenced to death by the above California State Courts and other agencies is incredible and not based in reality. For the same reasons given for dismissal of this matter, this Court DENIES Petitioner's application for stay of execution.

4    Petitioner has also requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases. For the above reasons, the Court does not find that the interests of justice require the appointment of counsel for Plaintiff . Accordingly, Petitioner's request for appointment of counsel is denied.

12   Thus, both Petitioner's motion for stay of execution and her motion for appointment of counsel are DENIED.

14   Moreover, since this case is closed, all further filings in it shall be disregarded. Continued attempts to file motions or other papers in this case may expose Petitioner to sanctions.

16   IT IS SO ORDERED.

17   **Dated:   August 31, 2011**             **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE